IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY LAMAR WALKER,

    Plaintiff,

v.                                                     CASE NO. 1:10-cv-245-SPM-GRJ

CHRISTOPHER M CHESTNUT, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate in the custody of the Florida Department of Corrections who is presently incarcerated at Columbia Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and is proceeding pursuant to an amended complaint. Doc. 4. Plaintiff seeks leave to proceed as a pauper. Doc. 5. Although the Court has not ordered service of process, Defendants entered an appearance and filed a motion to dismiss. Doc. 6. Plaintiff has filed a response in opposition to the motion. Doc. 7.

    Upon due consideration, Plaintiff's motion to proceed as a pauper, Doc. 5, is **GRANTED** to the extent that the case may be filed without the prepayment of the entire filing fee. Based on Plaintiff's prison account statement for the six-month period preceding the filing of this action, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

    As funds become available in Plaintiff's prison account, he shall be required to

make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00.  These payments shall continue until the filing fee of $350.00 is paid in full.  The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (# 091972); and, (3) Northern District of Florida Case Number (1:10-cv-245-SPM-GRJ).  Checks or money orders which do not have this information will be subject to return.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency having custody over him lapses in its duty to make payments on his behalf.  Thus, in case of transfer, Plaintiff should ensure that any new institution is advised of Plaintiff's payment obligations.  Plaintiff should retain a copy of this Order for that purpose.

## Plaintiff's Allegations and the Motion to Dismiss

Plaintiff alleges that Defendants, private attorneys practicing law in Gainesville, Florida, represented his late mother, Annie Mae Cummings, in connection with a product liability lawsuit against the cigarette maker Phillip Morris, Inc.  Plaintiff contends that Ms. Cummings passed away prior to a final settlement.  He alleges that he is entitled to funds due to Ms. Cummings from the Engle Trust Fund that administers payments under a tobacco class action litigation settlement, and that Defendants have failed to pay such funds to him in violation of his "constitutional right to an inheritance

from his mother's estate."  Doc. 4.

Defendants contend, *inter alia,* that the amended complaint fails to state a claim upon which relief may be granted because they are not state actors, an essential requirement of a suit under 42 U.S.C § 1983.

## Standard of Review

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue,[1] or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory

---

[1] 28 U.S.C. § 1915(e)(2)(A).

*Case No: 4:11-cv-11-MP-GRJ*

allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

## Discussion

It is clear that the amended complaint fails to state a cognizable claim under 42 U.S.C § 1983. Plaintiff may have rights under state law relative to Mrs. Cummings' estate, but the allegations of the complaint do not support a conclusion that Defendants violated any of Plaintiff's federal constitutional rights. Further, Plaintiff's allegations establish that Defendants represented Ms. Cummings in their capacity as private attorneys. Only in rare circumstances may a private party be viewed as a state actor for purposes of liability under § 1983. To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Rayburn ex rel.*

*Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Even liberally construed, the facts alleged by Plaintiff do not meet any of these tests.

## Conclusion

For the foregoing reasons, the Court concludes that the allegations of the amended complaint fail to state a claim upon which relief may be granted.  It is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 6, be **GRANTED** and that the amended complaint, Doc. 4, be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted..

**IN CHAMBERS**  this 3rd  day of May 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**